**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JD Merrick, | No. CV-22-00156-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Plaintiff JD Merrick, who is confined in the Arizona State Prison Complex (ASPC)-Tucson, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Defendants' Partial Motion to Dismiss (Doc. 34) and Plaintiff's Motion to Serve by Publication. (Doc. 42.)

**I.     Background**

On screening Plaintiff's First Amended Complaint (Doc. 10) pursuant to 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated the following claims: (1) a First Amendment claim in Count One against Defendants Shinn, Martinez, Savoy, and Rojas in their individual capacities for retaliating against Plaintiff and interfering with his mail; (2) an Eighth Amendment medical care claim in Count Two against Defendants Centurion and Martinez; and (3) a state law breach of contract claim against Defendants Shinn, Herman, and Ramos in Count Three. (Doc. 12 at 18.) The Court dismissed the remaining claims and Defendants. (*Id.* at 19.) Service was executed upon Defendants Rojas, Savoy, Martinez, Herman, and Shinn, but service was returned unexecuted as to Defendant Ramos. (Docs.

15–18, 23–26.) On August 29, 2022, Plaintiff filed a Motion to Amend Complaint; the proposed Second Amended Complaint retains Counts One through Three and seeks to add a fourth count. (Doc. 31.) On September 9, 2022, Defendants Shinn and Herman moved to dismiss Count Three of the First Amended Complaint. (Doc. 34.)[1] The Motion is fully briefed. (Docs. 40, 41.)

## II.   Partial Motion to Dismiss

### A.   Legal Standard

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

---

[1] Generally, an amended complaint supersedes the original and any prior pleadings effectively cease to exist. *Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). When a motion to dismiss targets an earlier pleading, after an amended pleading has been filed, the motion to dismiss is moot. *Id.* Here, Defendants filed their Motion to Dismiss Count Three of the First Amended Complaint after Plaintiff sought leave to file a Second Amended Complaint, but before the Court granted any such leave. Thus, the First Amended Complaint remains the operative complaint and the Partial Motion to Dismiss is not moot.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

**B.  Discussion**

Defendants Herman and Shinn move to dismiss Plaintiff's state law breach of contract claim in Count Three of the First Amended Complaint on the grounds that Plaintiff failed to comply with Arizona's Notice of Claim statute and that the contract claim fails on its merits. (Doc. 34.) In Count Three, Plaintiff alleges that on July 21, 2011, Plaintiff entered into a settlement agreement with ADC's former director and pastoral director in *Merrick v. Schriro*, Case No. 4:08-cv-00209-ATW. (Doc. 10 at 24.) Defendants in CV 08-0209 subsequently breached the settlement agreement, and Plaintiff filed another action in this District, *Merrick v. Ramos*, Case No. 4:19-cv-00474-DCB, wherein Senior District Judge Bury granted Plaintiff injunctive relief on his breach of contract and RLUIPA claims. (*Id.*; CV 19-00474, Doc. 49 at 9, 10.) On May 24, 2021, the parties reached a settlement in CV 19-00474. (*See* Doc. 10 at 25.) The settlement agreement, which was incorporated into Judge Bury's order of dismissal (CV 19-00474, Doc. 67), stated in part:

> Plaintiff may utilize his [computer] tablet, subject to the terms of Department Order 720, Inmate Tablet Program, to download, access, or view [Torah Observant Messianic Jewish] materials as available through the Inmate Tablet Program. This provision is subject to any space and storage requirements inherent to the tablet and subject to the availability of tablets and the Inmate Tablet Program.

(CV 19-00474, Doc. 66-1 at 5.) In the instant case, Plaintiff alleges that Defendants have breached the settlement agreement by preventing him from uploading additional religious files to his tablet. (Doc. 10 at 26–28.)

Arizona Revised Statute § 12-821.01(A) requires service of a notice of claim as follows:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

Ariz. Rev. Stat. § 12-821.01(A). "A claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim *to both the employee individually and to his employer*." *Crum v. Superior Court in and for the Cnty. of Maricopa*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996) (emphasis added) (citing *Johnson v. Superior Court*, 763 P.2d 1382, 1384 (Ariz. Ct. App. 1988)).

In his response to the Partial Motion to Dismiss, Plaintiff argues that he satisfied the notice of claim statute when he exhausted his administrative remedies as required under the Prison Litigation Reform Act (PLRA). (Doc. 40 at 2.) But the PLRA applies to federal claims regarding prison conditions that are brought under 42 U.S.C. § 1983 or other federal law, not to state law claims. *See* 42 U.S.C. § 1997e.

Moreover, plaintiffs who do not strictly comply with section 12-821.01(A) by properly serving a notice of claim are barred from bringing state law claims. *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007). When a party has a claim against an individual defendant, service of the notice of claim is governed by Ariz. R. Civ. P. 4.1(d), which requires that the notice of claim be delivered to the defendant personally, to an individual of suitable age residing with the officer, or to an appointed agent. *Simon v. Maricopa Medical Ctr.*, 234 P.3d 623, 629 (Ariz. App. 2010); *see Nored v. City of Tempe*, 614 F. Supp. 2d 991, 996-97 (D. Ariz. 2008). Strict compliance with notice of claim

provisions is required. *See Falcon ex rel. Sandovol v. Maricopa County*, 144 P.2d 1254, 1256 (Ariz. 2006); *Simon*, 234 P.3d at 629.

Here, Plaintiff submitted copies of letters dated December 17, 2021, January 27, 2022, and February 16, 2022 that he sent to Assistant Attorney General Jason Corley as proof that he satisfied the notice of claim requirement for his claims in this action. (*See* Doc. 40-1 at 2–9.)[2] But, as discussed above, to fulfill the requirements of section 12-821.01(A), Plaintiff was required to serve each Defendant personally with a notice of claim. Thus, Plaintiff's letters to Corley did not suffice to satisfy this requirement. Plaintiff does not claim to have personally served the individual Defendants in Count Three with a notice of claim. Therefore, Plaintiff's state law claim for damages must be dismissed for failure to comply with section 12-821.01(A).

However, claims for non-monetary declaratory or injunctive relief are exempt from Arizona's notice of claim requirement. *See State v. Mabery Ranch, Co.*, 165 P.3d 211, 223 (Ariz. Ct. App. 2007); *Martineau v. Maricopa Cnty*, 86 P.3d 912, 916-17 (Ariz. Ct. App. 2004). Thus, to the extent Plaintiff seeks compliance with the parties' settlement agreement as a remedy for his breach of contract claim, he was not required to file a notice of claim pursuant to section 12-821.01.

Notwithstanding, the Court in Plaintiff's earlier case explicitly retained jurisdiction to enforce the terms of the agreement and issued an Order expressly retaining such jurisdiction in that case. (*See* CV 19-00474, Doc. 67 ("the Court shall retain jurisdiction to enforce the parties' settlement agreement . . . which is incorporated into the Court's dismissal Order").) Further, Plaintiff currently has a "Motion to Reopen Case" pending in

---

[2] Although courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.* Here, Plaintiff specifically refers to his correspondence with Assistant Attorney General Corley in Count Three of his First Amended Complaint (Doc. 10 at 26); thus, the Court will consider this material without converting Defendants' motion into a motion for summary judgment.

1   his previous action (CV 19-00474, Doc. 68), and the Court ordered Defendants in that
2   action to respond to Plaintiff's allegations that they are in violation of the terms and
3   provisions of the Settlement Agreement. (CV 19-00474, Doc. 69.) The motion is fully
4   briefed and awaiting a ruling. (*See* CV 19-00474, Docs. 70, 71.) Accordingly, jurisdiction
5   over the enforcement of the settlement agreement has expressly been retained by the Court
6   in Case No. 4:19-cv-00474-DCB, and Plaintiff is precluded from seeking enforcement of
7   the agreement in this new action.

8         Accordingly, the Court will grant Defendants' Partial Motion to Dismiss and
9   dismiss Plaintiff's state law breach of contract claim in Count Three.

10      **III.**    **Motion to Serve by Publication**
11        On October 14, 2022, Plaintiff filed a Motion to Serve Putative Defendant Ramos
12  by Publication. (Doc. 42.) In response, Defendants ask the Court to deny the motion
13  because "if Count Three is subject to dismissal, then there is no reason to grant alternative
14  service." (Doc. 43 at 2.) Because Defendant Ramos is only named in the Count Three
15  breach of contract claim, which the Court will dismiss, the Court will deny Plaintiff's
16  request to serve Defendant Ramos by publication.

27  //
28  //

### IV. Conclusion

Based on the foregoing,

**IT IS ORDERED**:

1. The reference to the Magistrate Judge is **WITHDRAWN** as to Defendants' Partial Motion to Dismiss (Doc. 34) and Plaintiff's Motion to Serve by Publication (Doc. 42).

2. Defendants' Partial Motion to Dismiss (Doc. 34) is **GRANTED**. Plaintiff's state law claim for breach of contract in Count Three of the First Amended Complaint is **DISMISSED**. Defendant Ramos is dismissed from this action.

3. Plaintiff's Motion to Serve by Publication (Doc. 42) is **DENIED** as moot.

Dated this 4th day of January, 2023.

_Honorable Jennifer G. Zipps_
United States District Judge